# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| JANETTE HATTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 1:17-CV-488-TLS |
| | ) |
| DAVID J. SHULKIN, M.D., Secretary | ) |
| of Veterans Affairs, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Janette Hatton filed a Complaint [ECF No. 1] on November 28, 2017, against Defendant David J. Shulkin, M.D., Secretary of Veterans Affairs, alleging various discriminatory and retaliatory acts on the part of individuals employed by the Defendant. On March 2, 2018, the Defendant file a Motion to Dismiss [ECF No. 10] for failure to state a claim on which relief can be granted. The Plaintiff filed a Motion to Amend [ECF No. 19] her Complaint on April 2, 2018, which the Magistrate Judge deemed to be a Response to the Defendant's Motion to Dismiss. On April 9, 2018, the Plaintiff filed a Revised Motion [ECF No. 21] to amend her Complaint. The Defendant responded [ECF No. 22] on April 16, 2018, and the Plaintiff replied [ECF No. 24] on April 27, 2018. The Defendant's Motion to Dismiss and the Plaintiff's Revised Motion to Amend are not practically separable, as the Plaintiff's argument is limited to the submission of a proposed amended complaint, and the Defendant's argument in its Motion to Dismiss and its Response to the Plaintiff's Motion to Amend are substantially the same. Thus, the Court will address both Motions in tandem and will not perform separate analyses.

# BACKGROUND[1]

The Plaintiff worked for the Department of Veteran Affairs (DVA) from March 4, 2007, through April 29, 2017. She alleges that "she was discriminated against, made to work in a hostile work environment and was harassed in the workplace on account of her age—and that she was retaliated against after complaining about such harassment/discrimination/hostile work environment—in violation of the Age Discrimination Employment Act of 1967 (ADEA), 29 U.S.C. § 621 *et seq.*, as amended." She alleges that she was assigned work and training that her younger and similarly situated co-workers were not assigned.

The Plaintiff also details several instances of misconduct by her Lead, Patricia Allison, such as preventing the Plaintiff from speaking with her coworkers, shouting "I don't like you" in front of others in the office, lying to the Plaintiff about the amount of leave time the Plaintiff had, and disseminating false information about the Plaintiff. According to the Plaintiff, no similarly situated, younger employee was treated in this manner.

Additionally, the Plaintiff alleges that she was discriminated against on the basis of her disability when the DVA failed to engage in an interactive process to reasonably accommodate her, in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, as amended, as well as the Americans with Disabilities Act (ADA) of 1990, 42 U.S.C. § 12111 *et seq.*, as amended. In support, the Plaintiff states that around June 20, 2016, she was moved to a copy room and assigned duties that included lifting heavy mail, which, in combination with the chair she was

---

[1] For the purposes of legal sufficiency, the facts as stated in the Plaintiff's Complaint must be taken as true. The Court will rely on the facts presented in the Plaintiff's proposed Amended Complaint (revised) [ECF No. 21-1] because the issue of the futility of the proposed amendment is tied into whether it can survive the Defendant's Motion to Dismiss. A finding that the proposed Amended Complaint is legally insufficient necessarily would mean that the original Complaint is legally insufficient; and, similarly, a finding that the proposed Amended Complaint is legally sufficient—and therefore not futile—would necessarily dispose of the Defendant's Motion to Dismiss.

provided, caused back pain. Around October 20, 2016, the Plaintiff requested that she be moved to a different office, but this request was denied.

The Plaintiff alleges that she "constantly reported a hostile work environment, discrimination, and harassment . . . but not only did the Defendant fail to correct the situation and provide any remedial or corrective action, but the Defendant made it worse and actually 'stepped up' the hostile work environment/harassment/discrimination." The Plaintiff states that in response to her complaints, the DVA engaged in several retaliatory actions, including: moving her from her office into the copy room; issuing a "No Contact Order," which prevented her from contacting Allison, though the order was never enforced against Allison; preventing other employees from speaking with the Plaintiff; allowing Allison to spread false information about the Plaintiff, because this was never investigated as the Plaintiff was assured it would be; allowing the Plaintiff's supervisor, Trynette Thomas, to release the Plaintiff from work 10–20 minutes early on four occasions, but allowing similarly situated employees to leave 3–4 hours early; moving the Plaintiff to a different campus to work customer service, a job that the Plaintiff was never trained to perform; and allowing Allison to leave "work" for the Plaintiff in a locked drawer while the Plaintiff was away and not tell the Plaintiff that the "work" was there to intentionally cause the Plaintiff to fail to complete her assigned tasks. The Plaintiff points out that Allison was eventually demoted for treating co-workers inappropriately.

The Plaintiff filed formal EEO complaints with the DVA on May 16, 2016, August 25, 2016, and February 6, 2017. The Defendant's Office of Employment Discrimination Complaint Adjudication (OEDCA) issued a final agency decision on August 28, 2017.[2] In its decision, the

---

[2] The Plaintiff did not include her May 2016 and February 2017 EEO complaints in her original Complaint [ECF No. 1], and the OEDCA expressly noted only the August 2016 complaint in its decision. (*See* OEDCA Decision 1, ECF No. 21-4.) However, it can be reasonably inferred that the OEDCA reviewed these other complaints because events referenced in all of the complaints were included in the OEDCA's review and investigation, including events

3

OEDCA indicated that three of the events that the Plaintiff described in her complaints were discrete acts that were "independently actionable claims of age discrimination." (OEDCA Decision 2 n.1, ECF No. 21-4.)

The OEDCA reviewed the Plaintiff's claim for age discrimination, harassment, and failure to reasonably accommodate. (*Id.* 8–17.) The OEDCA found that the Plaintiff had not proved discriminatory harassment based on her age and had not proved that the DVA's legitimate, nondiscriminatory responses were a pretext for age discrimination. The OEDCA also found that the DVA had reasonably accommodated the Plaintiff's alleged disabilities.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 15(a) provides that, after the time has expired to file an amendment as a matter of course, a party "may amend its pleading only with the opposing party's written consent or the court's leave" and that "[t]he Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A court should not deny leave to file an amended complaint in the absence of any apparent reasons "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *See Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). The relevant question here is whether it would be

---

that occurred *after* the August 2016 complaint. Moreover, what the parties appear to characterize as the February 2017 complaint specifically references the same case number that was assigned to the Plaintiff's other EEO complaint(s) and appears to be a document that the OEDCA requested that the Plaintiff complete in order to investigate her claims.

futile for the Plaintiff to amend her Complaint as she proposes as there appears to be no undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the Defendant, or any other apparent reasons to deny her request.

The standard for futility is the same standard of legal sufficiency that applies under Federal Rule of Civil Procedure 12(b)(6). *See Townsel v. DISH Network LLC*, 668 F.3d 967, 969 (7th Cir. 2012); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997). "To survive a motion to dismiss under Rule 12(b)(6), a complaint must 'state a claim to relief that is plausible on its face.'" *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Factual allegations are accepted as true at the pleading stage, but "allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *Adams*, 742 F.3d at 728 (internal citations omitted).

## ANALYSIS

### A. Failure to Exhaust Administrative Remedies

The Defendant first argues that the Plaintiff has failed to exhaust her administrative remedies as to some of her claims and cannot now argue them in federal court. "In Title VII cases, the scope of the complaint brought before the administrative agency limits the scope of subsequent civil proceedings in federal court; in other words, plaintiffs may pursue only those claims that could reasonably be expected to grow out of the administrative charges." *Reynolds v. Tangherlini*, 737 F.3d 1093, 1099–1100 (7th Cir. 2013).

*1. Age Discrimination*

The Defendant concedes that the Plaintiff exhausted her administrative remedies as to her allegations of a hostile work environment based on her age in violation of the ADEA. However, the Defendant argues that the Plaintiff's claims of age discrimination, which rely on the same allegations in her Complaint as those related to her hostile work environment claims, were not exhausted at the administrative level because the OEDCA did not review her allegations in the context of discrimination, but rather reviewed them only in the context of hostile work environment claims. In fact, the OEDCA expressly acknowledged three of these hostile work environment claims as "discrete acts" that were "independently actionable claims of age discrimination," which, the Defendant argues, demonstrates that the remainder of the Plaintiff's claims were not exhausted at the administrative level as they pertain to discrimination.

"The scope of an administrative charge . . . is determined by examining the claims that were 'brought to [the administrative agency's] attention,' not by whether the [agency] actually considered or disposed of a given claim." *Reynolds*, 737 F.3d at 1100 (quoting *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1112 (7th Cir. 1992). Whether the Plaintiff's claims are within the scope of her EEO charge is a question of law. *Moore v. Vital Prods., Inc.*, 641 F.3d 253, 257 (7th Cir. 2011) (citing *Conner v. Ill. Dep't of Natural Res.*, 413 F.3d 675, 680 (7th Cir. 2005)). "In determining whether [the Plaintiff's] current allegations fall within the scope of the earlier charges, we look to whether the allegations are like or reasonably related to those contained in the [EEO] complaint." *Ezell v. Potter*, 400 F.3d 1041, 1046 (7th Cir. 2005). "If they are, then we ask whether the current claim reasonably could have developed from the [OEDCA's] investigation of the charges before it. *Id.* (citing *Cheek v. Western & Southern Life Ins. Co.*, 31 F.3d 497, 502 (7th Cir. 1994)). "[T]o be like or reasonably related to an

administrative charge, the relevant claim and the administrative charge must, at minimum describe the same conduct and implicate the same individuals." *Reynolds*, 737 F.3d at 1100 (internal quotations omitted). The standard for whether a charges are reasonably related is "liberal." *Teal v. Potter*, 559 F.3d 687, 692 (7th Cir. 2009).

The Court finds that the Plaintiff's claims for age discrimination are reasonably related to her claims of a hostile work environment based on age. The Defendant states that her claims of age discrimination encompass all of the allegations relevant to her hostile work environment claim. That the OEDCA expressly acknowledged only three of these hostile work environment allegations as "discrete acts" that were "independently actionable claims of age discrimination" is irrelevant, as the OEDCA's disposition of the Plaintiff's claim is not at issue. The only question is whether the claims were brought to the OEDCA's attention, and the Court has no doubt that they were. The Plaintiff's charges meet the "minimum" standard by "describ[ing] the same conduct and implicat[ing] the same individuals." *See Reynolds*, 737 F.3d at 1100; *see also Kristufek v. Hussmann Foodservice Co., Toastmaster Div.*, 985 F.2d 364, 368 (7th Cir. 1993) (finding that "the factual relationship of the age and discrimination charges of the parties is so related and intertwined in time, people, and substance that to ignore that relationship for a strict and technical application of the rule would subvert the liberal remedial purposes of the Act"); *Brindley v. Target Corp.*, 761 F. Supp. 2d 801, 806–07 (N.D. Ill. 2011) (noting that "it is certainly likely that in investigating [allegations of age discrimination][,] the EEOC would have come to understand that the claimed continual deprivations could equate to a hostile work environment claim"). Here, certainly the Plaintiff's age discrimination claim "could reasonably be expected to be discovered in the course of the [OEDCA's] investigation" of harassment based

on her age. *Teal*, 559 F.3d at 691–92. Thus, the Court finds that the Plaintiff's age discrimination claim is within the scope of her EEO complaint.

*2.     Disability Discrimination*

Regarding the exhaustion of administrative remedies as to the Plaintiff's claim of disability discrimination, the Defendant makes the same argument as it did regarding her claim of age discrimination. The Defendant argues that because the OEDCA did not consider certain events that the Plaintiff now alleges demonstrate disability discrimination specifically within the disability discrimination context—instead reviewing them as part of her hostile work environment and age discrimination claims—the Plaintiff cannot now assert that those events demonstrate that she was discriminated against because of her disability and that the DVA failed to reasonably accommodate her. The Defendant also alleges that the allegations present in the Complaint at Paragraphs 6(iii)–(v) and 7 were never before the OEDCA in any context.

However, "a Title VII plaintiff need not allege in an [EEO] charge each and every fact that combines to form the basis of each claim in her complaint." *Teal*, 559 F.3d at 691 (citing *Cheek*, 31 F.3d at 500); *see also Imhoff v. Kmart Stores of Ind., Inc.*, 149 F. Supp. 2d 559, 566 (N.D. Ind. 2001) ("Title VII plaintiffs should not be penalized because they included some facts in an [EEO] charge supporting their complaint, but omitted others."). In the course of investigating the Plaintiff's allegations, it is reasonable to expect that these other facts that tend to support the Plaintiff's claim would have been discovered. *See Imhoff*, 149 F. Supp. 2d at 566 ("An inquiry by the EEOC into the allegations in the charge could easily have led to additional charges on the previous [events] as related conduct."). Moreover, although it found that the Plaintiff had failed to meet her burden, the OEDCA did consider whether the Plaintiff had been

8

reasonably accommodated based on her stated disabilities. (OEDCA decision at 16–17.) Therefore, the Court finds that the Plaintiff's disability discrimination claim is within the scope of her EEO complaint.

### 3.    *Constructive Discharge*

The Defendant argues that the Plaintiff failed to allege constructive discharge in her EEO complaint and cannot now bring that claim in federal court. A constructive discharge claim "accrues only after an employee resigns." *Green v. Brennan*, 136 S. Ct. 1769 (2016). The Plaintiff does not allege that she filed any EEO complaints after she resigned from the DVA. "It is clear that the dual purposes of the exhaustion requirement would be frustrated by allowing [the plaintiff] now to proceed with [this] claim." *Teal*, 559 F.3d at 693. The Plaintiff should have filed an EEO complaint after her resignation "to properly allow the agency to try to resolve the matter and fulfill its obligation to investigate the facts and circumstances related to the [resignation]." Thus, the Plaintiff has not established that she exhausted her administrative remedies as to her constructive discharge claim, and this claim will be dismissed.

## B.    **Sufficiency of the Complaint**

The Defendant next argues that the Plaintiff has failed to state actionable claims for age discrimination, retaliation, and disability discrimination.

### 1.    *Age Discrimination and Retaliation*

The Defendant argues that the Plaintiff has not alleged the elements of a prima facie case of age discrimination or retaliation. A plaintiff can demonstrate a prima facie case by showing:

(1) she is a member of a protected group or that she engaged in protected activity for a claim of retaliation; (2) she satisfied her employer's legitimate job expectations; (3) she suffered an adverse employment action; and (4) similarly situated employees outside of the protected class were treated more favorably. *Naficy v. Ill. Dep't of Human Servs.*, 697 F.3d 504, 511 (7th Cir. 2012). The Defendant's only argument for its contention that the Plaintiff has failed to state a prima facie case of either age discrimination or retaliation is that she has not alleged an adverse employment action within the meaning of the law.

An adverse employment action is one that "materially alter[s] the terms and conditions of employment." *Dass v. Chi. Bd. of Educ.*, 675 F.3d 1060, 1069 (7th Cir. 2012) (quoting *Stutler v. Ill. Dep't of Corr.*, 263 F.3d 698, 703 (7th Cir. 2001)). "A materially adverse employment action is more than a mere inconvenience or an alteration of job responsibilities." *Id.* (citing *Rhodes v. Ill. Dep't of Transp.*, 359 F.3d 498, 504 (7th Cir. 2004)). The Seventh Circuit has articulated three general categories of actionable, materially adverse employment actions:

> (1) Cases in which the employee's compensation, fringe benefits, or other financial terms of employment are diminished, including termination; (2) cases in which a nominally lateral transfer with no change in financial terms significantly reduces the employee's career prospects by preventing her from using her skills and experience, so that the skills are likely to atrophy and her career is likely to be stunted; and (3) cases in which the employee is not moved to a different job or the skill requirements of her present job altered, but the conditions in which she works are changed in a way that subjects her to a humiliating, degrading, unsafe, unhealthful, or otherwise significantly negative alteration in her workplace environment.

*Id.* (quoting *Nichols v. S. Ill. Univ.-Edwardsville*, 510 F.3d 772, 780 (7th Cir. 2007)).

The Defendant argues only that the Plaintiff did not allege any actions falling into the first two categories. (*See* Def.'s Resp. to Pl.'s Mot. to Amend 21–22, ECF No. 22.) Notably, the Defendant does not argue that the Plaintiff failed to allege actions falling into the third category; nor could the Defendant make such an argument. The Plaintiff has alleged facts that plausibly

suggest that the conditions under which she was required to work were humiliating, degrading, or otherwise significantly and negatively altered her workplace environment. For example, the Plaintiff has alleged that she was actively prevented from speaking with other employees; she was moved to a copy room without computer access or a telephone; her co-workers indicated to her that they were uncomfortable with her working in the copy room where they had to scan and copy personal information; and DVA security officers asked her daily if she was "still in trouble" in reference to the fact that she had been moved to the copy room. (*See generally* Pl.'s Prop. Amend. Compl.) These allegations plausibly suggest that the Plaintiff was subjected to workplace conditions that were humiliating and degrading and that negatively altered her workplace environment. Therefore, the Plaintiff has sufficiently alleged that she was subjected to an adverse employment action.

### 2. *Disability Discrimination*

The Defendant argues that the Plaintiff has not sufficiently alleged the existence of her disability, noting that the OEDCA stated in its decision that "there is not sufficient evidence on the record to establish[] that Complainant is an individual with a disability . . . ." (*See* Def.'s Resp. to Pl.'s Mot. to Amend 22.) To establish her claim, the Plaintiff must show that (1) she is a qualified individual with a disability; (2) the Defendant knew of her disability; and (3) the Defendant failed to reasonably accommodate her disability." *Brumfield v. City of Chi.*, 73 F.3d 619, 631 (7th Cir. 2013).

The Defendant asserts that "Plaintiff cannot merely make a conclusory statement that she was "substantially impaired in her everyday life activities" and instead "must set forth with some specificity that at all relevant times she was a person with a disability." But this misapplies the

standard for a motion to dismiss. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (internal quotations and alterations omitted). It is true that a court "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. But, in this case, the Plaintiff has not merely recited the elements of a cause of action in the abstract. She has not only alleged that she was disabled, that the Defendant knew she was disabled, and that the Defendant failed to reasonably accommodate her disability; she has also specifically alleged that she was disabled during the relevant time period due to back pain, that she requested specific accommodations for her back pain, and that the Defendant's supposed accommodations were not reasonable. The Defendant has been given fair notice of the Plaintiff's claim and the grounds upon which it rests. Whether the Plaintiff can prove these claims, including whether she was actually under a disability, is a question more appropriate for summary judgment, not a motion to dismiss.

## CONCLUSION

Accordingly, the Court GRANTS IN PART and DENIES IN PART the Defendant's Motion to Dismiss [ECF No. 10]. The Court grants the Defendant's Motion only as to the Plaintiff's claim for constructive discharge. The Court also GRANTS IN PART and DENIES IN PART the Plaintiff's Motion to Amend her Complaint [ECF No. 21]. The Plaintiff is instructed to file her amended complaint on or before June 1, 2018, but she is not to include claims regarding constructive discharge.

SO ORDERED on May 10, 2018.

                                               s/ Theresa L. Springmann
                                              CHIEF JUDGE THERESA L. SPRINGMANN
                                              UNITED STATES DISTRICT COURT